GENOVA, MALIN & TRIER, LLP
Attorneys for Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, NY 12590
(845) 298-1600
Andrea B. Malin, Esq. (AM4424)
Michelle L. Trier, Esq. (MT1212)

**DATE: MAY 19, 2026**
**TIME: 10:00 A.M.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------X
In re:

TOPICAL BIOMEDICS, INC.,

Debtor.
---------------------------------------------------X

CHAPTER 11
CASE NO. 24-36109 (KYP)

**NOTICE OF MOTION PURSUANT TO 11 U.S.C.§364(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(c)**

SIRS:

**PLEASE TAKE NOTICE** that upon the annexed motion of the Debtor, TOPICAL BIOMEDICS, INC., the undersigned will move this Court at the United Sates Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 12601, on the 19th day of May, 2026 at 10:00 a.m., pursuant to 11 U.S.C. § 364(b) and Federal Rule of Bankruptcy Procedure 4001(c) for an Order authorizing the Debtor to enter into a revolving inventory credit line and unsecured loan agreement with JOHN D. STANTON; and for such other and further relief as may seen must and proper.

**PLEASE TAKE FURTHER NOTICE,** that answering papers, if any, shall be served upon and received by counsel for the Debtor at the address indicated below and filed with the Court together with proof of such service, no later than three (3) days prior to the return date hereof.

Dated: Wappingers Falls, New York
May 4, 2026

GENOVA, MALIN & TRIER, LLP
Attorneys for Debtor

By: /s/ Michelle L. Trier
MICHELLE L. TRIER (MT1212)
Hampton Business Center
1136 Route 9
Wappingers Falls, NY 12590
(845) 298-1600

TO: ALL CREDITORS & PARTIES IN INTEREST

GENOVA, MALIN & TRIER, LLP
Attorneys for Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, NY 12590
(845) 298-1600
Andrea B. Malin, Esq. (AM4424)
Michelle L. Trier, Esq. (MT1212)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------X
In re:

TOPICAL BIOMEDICS, INC.,

CHAPTER 11
CASE NO. 24-36109 (KYP)

Debtor.
---------------------------------------------------X

**MOTION FOR AUTHORITY TO ENTER INTO A BORROWING AGREEMENT PURSUANT TO 11 U.S.C. §364(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(c) WITH POINTS OF LAW**

Topical BioMedics, Inc. ("Topical" or the "Debtor"), by its attorneys, Genova, Malin & Trier, LLP, as debtor in possession, respectfully represent:

**BACKGROUND**

**General**

1. On November 11, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor is the owner of the Topricin® brand of natural, homeopathic pain relief and skin care creams. The Debtor uses third party manufacturers to blend, manufacture, package and finish Topricin® manufactured products, and Topical has used third party manufacturers for such purposes throughout its thirty year history.

3. Since the Chapter 11 filing, Topical has entered into a manufacturing agreement with MedPak. Due to certain circumstances in the marketplace and lengthy lead times for product delivery, additional inventory capital is necessary to keep Topical's inventory flowing.

4. By this Motion, the Debtor seeks Court approval, pursuant to 11 U.S.C. §364(b), for

an unsecured loan and revolving inventory credit line from JOHN STANTON[1] ("Stanton") to fund the inventory purchases.

5. The infusion of monies from Stanton will result in the Debtor's ability to continue its operations without fully depleting its current cash reserves.

**JURISDICTION**

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

**RELIEF REQUESTED**

7. By this Motion, the Debtor seeks approval of the Court to enter into an unsecured loan agreement with Stanton upon the terms set forth herein pursuant to Section 364(b) of the Bankruptcy Code and Rule 4001(c) of the Bankruptcy Rules.

8. The Debtor seeks to borrow from Stanton the sum of $100,000.00 and said funds shall be used exclusively for the purpose of funding purchases of inventory funding. The Debtor shall repay Stanton interest at a rate of 15% per annum on the $100,000 loan and shall use its best efforts to pay interest in monthly payments but no less frequently than annually. The term of the loan shall be 2 years, such that all principal, interest, and transaction fees shall be repaid at the end of the 2 year term. (Annexed hereto as Exhibit "A" is the agreement between the Debtor and Stanton.)

9. The Debtor asserts that the loan is necessary to ensure that it will have the cash flow necessary to continue its operations, as the loan will provide the Debtor with the necessary capital to move forward in its manufacturing. The proposed interest payments to be made by the Debtor will be affordable, as the Debtor anticipates sales of the products will generate more than sufficient income to support the payments to Stanton in addition to its ordinary operating expenses.

10. This borrowing agreement with Stanton is an unsecured loan. It is the Debtor's position that this loan is in the best interest of the Debtor's estate and is necessary and essential to the success of this Chapter 11 case.

---

[1] John Stanton is a member of Topical's board of directors and is the Secretary of the board.

## BASIS FOR THE RELIEF REQUESTED

11. The Debtor submits that entering into an unsecured loan agreement with Stanton is in the best interest of the Debtor's estate and seeks approval of the Court pursuant to 11 U.S.C. §364(b) and Rule 4001(c) of the Bankruptcy Rules.

12. Section 364(b) of the Bankruptcy Code provides:

> (b) The court, after notice and a hearing, may authorize [the debtor] to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

11 U.S.C. §364(b).

13. Topical seeks to enter into the unsecured loan agreement with Stanton referred to above on the grounds that, as a matter of sound business judgment and the necessity to buffer and cash flow its operations, via inventory funding, the terms and conditions of the proposed Stanton agreement are the best available terms currently existing. Topical maintains that the proposed repayment terms to Stanton are reasonable and easily manageable since procuring the inventory from MedPak will generate sales for the Debtor. Although an authorization of credit under Section 364(b) provides an assurance to Stanton of an administrative priority, there is no prejudice to the Debtor's existing secured creditors as the funding will place the Debtor in a stronger financial position to maintain operational expenses and continue operations. In re Reilly, 542 B.R. 317, 320 (Bankr.W.D.N.Y.2015). Additionally, the unsecured creditors are "benefitted by the additional credit which is for the betterment of the [debtor's] estate." Norton Bankruptcy Law and Practice 2d §38:6; In re Global Safety Textiles Holdings, LLC, et al, 2009 WL 7834658 (Bankr.D.Del.).

## NOTICE

14. No trustee, examiner, or creditors' committee has been appointed in this chapter 11 case. The Debtor has provided electronic notice of this Motion to all parties that have registered a Notice of Appearance with the Court, as well as the United States Trustee, and has provided notice by first class mail to all other creditors and interested parties as set forth on the affidavit of service

filed with the Court.

15. The Debtor asserts that Bankruptcy Rule 4001(c)(2) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

16. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor requests the entry of an Order authorizing the terms of an unsecured loan agreement to be entered into between Topical and Stanton, as said agreement is in the best interest of the Debtor's estate, pursuant to 11 U.S.C. §364(b) and Bankruptcy Rule 4001(c) and granting to the Debtor such other and further relief as to the Court may seem just and proper.

Dated: Wappingers Falls, New York
May 4, 2026

GENOVA, MALIN & TRIER, LLP
Attorneys for Debtor

By: /s/ Michelle L. Trier
MICHELLE L. TRIER (MT1212)
1136 Route 9
Wappingers Falls, NY 12590
(845) 298-1600

Topical BioMedics, Inc.

By: /s/ Dennis Barnett
Dennis Barnett, CEO

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------X
In re:

TOPICAL BIOMEDICS, INC.,

CHAPTER 11
CASE NO. 24-36109 (KYP)

Debtor.
---------------------------------------------------X

**ORDER APPROVING LOAN**
**AGREEMENT WITH JOHN D. STANTON PURSUANT TO 11 U.S.C.§364(b) AND**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(c)**

The above named Debtor, by its attorneys, GENOVA, MALIN & TRIER, LLP, having moved this Court for an Order pursuant to 11 U.S.C. §364(b) approving the revolving inventory credit line and unsecured loan agreement with John D. Stanton, as set forth in the application of the Debtor, dated May 4, 2026, and said motion having regularly come on to be heard on the 19th day of May, 2026, and upon reading and filing of notice of said motion, dated May 4, 2026, and the application in support thereof of said motion, and there being no opposition thereto, and upon the record made at said hearing, and due deliberation having been had thereon,

**NOW**, upon the motion of GENOVA, MALIN & TRIER, LLP, attorneys for the Debtor, it is

**ORDERED**, that the Debtor be and it hereby is authorized to enter into a financing agreement with JOHN D. STANTON as is set forth in the application and may execute the documents as may be required therein.